**FILED**

JUN 2 7 2002

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
                    DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----ooOoo----

ROBERT GOODELL,

NO. CIV. S-00-1960 WBS GGH

      Plaintiff,

   v.

MEMORANDUM AND ORDER
RE: ATTORNEY'S FEES

RALPHS GROCERY CO.,

      Defendant.

----ooOoo----

     Defendant Ralphs Grocery Co. moves for an award of
attorney's fees against plaintiff Robert Goodell pursuant to
section 12205 of the Americans with Disabilities Act ("ADA"), 42
U.S.C. § 12205, and section 55 of the California Disabled Persons
Act, Cal. Civ. Code § 55.

I.   Introduction

     Plaintiff sued defendant under the ADA and California
law alleging that he was discriminated against because of his
disability due to barriers to access in the parking lot outside
of the Ralph's grocery store owned by defendant.  Plaintiff
sought both monetary and injunctive relief against defendant.  At
trial, plaintiff presented no evidence that defendant at any time

1

47

1 owned, leased, operated, controlled or otherwise had any legal or
2 equitable interest in the parking area outside of its store.
3 (April 16 2002 Findings of Fact and Conclusions of Law at 2.)
4 Because of plaintiff's complete failure to prove some legal or
5 contractual connection between defendant and the premises at
6 issue, the court entered judgment in favor of defendant on all of
7 plaintiff's claims.  (Id. at 2-3.)  Defendant now requests
8 attorney's fees totaling $61,535.79.

9        A.   Attorney's Fees Under the ADA

10              The ADA provides that "the court . . . in its
11 discretion, may allow the prevailing party . . . a reasonable
12 attorney's fee. . . ."  42 U.S.C. § 12205.  Where the prevailing
13 party in an ADA action is the defendant, the court may award fees
14 only if the plaintiff's action was "frivolous, unreasonable, or
15 without foundation."  Brown v. Lucky Stores, Inc., 246 F.3d 1182,
16 1190 (9th Cir. 2001)(internal quotations omitted)(applying test
17 articulated in Christiansburg Garment Co. v. EEOC, 434 U.S. 412,
18 421 (1978) to fees and costs for prevailing defendants in ADA
19 cases).

20              As of the time of trial, there was absolutely no
21 possibility that plaintiff could succeed on his claim, because
22 plaintiff's counsel had no evidence of any connection between
23 defendant and the parking spaces about which plaintiff
24 complained.  There is no way for the court to know whether no
25 such evidence existed or whether plaintiff's attorneys simply
26 neglected to gather such evidence through discovery or otherwise.
27 Accordingly, the court cannot conclude that plaintiff's action
28 was "frivolous, unreasonable, or without foundation."  Id.

1  Therefore, defendant is not entitled to recover fees under the
2  ADA.

3         B.   Attorney's Fees Under California Law

4              1.   Applicable Standard

5         Because the court granted judgment to defendant on
6  plaintiff's state law claims as well as his ADA claim, defendant
7  also seeks to recover attorney's fees pursuant to California law.
8  While the ADA grants the court discretion to award attorney's
9  fees, a fee award to a prevailing party under the California
10 Disabled Persons Act ("CDPA") is not discretionary.  Section 55
11 of the CDPA provides:

12              The prevailing party in [an] action [brought under the
13              CDPA] shall be entitled to recover reasonable
14              attorney's fees.

15 Cal. Civ. Code § 55 (emphasis added).  A "prevailing party"
16 includes a defendant "as against those plaintiffs who do not
17 recover any relief against that defendant," unless "the context
18 clearly requires otherwise."  Cal. Code Civ. Proc. § 1032(a)

19             Because the court entered judgment in favor of
20 defendant, plaintiff did not recover any relief against
21 defendant.  Therefore defendant is a prevailing party.  Despite
22 the plain language of the statute that the prevailing party
23 "shall" be entitled to a reasonable attorney's fee, plaintiff
24 contends that the court should import the standard for attorney's
25 fees under the ADA into California law and deny defendant its
26 fees.

27             After the ADA was passed in 1990, section 54.1 of the
28 CDPA was amended to provide that a violation of the ADA

                              3

1  constitutes a violation of its provisions.  See Cal. Civ. Code §
2  54.1(d)(as amended in 1996).  Plaintiff contends that by
3  incorporating the substantive provisions of the ADA into section
4  54.1, the California legislature also incorporated the federal
5  standard for awarding attorney's fees to prevailing defendants
6  under section 55.  However, just because section 54.1
7  incorporates the ADA does not mean that in analyzing every other
8  section of the CDPA, the courts must look to federal law.  While
9  federal authority is relevant to determining the question of
10  liability under the CDPA, see Hankins v. El Torito Restaurants,
11  Inc., 63 Cal. App. 4th 510, 523-24 (1998)(holding that the ADA's
12  structural requirements as well as its requirements that places
13  of public accommodation adopt certain policies and procedures
14  apply to the CDPA), it is not necessarily relevant to the
15  question of attorney's fees.

16         Indeed, if the California legislature had intended the
17  federal rule regarding attorney's fees to apply, it could have
18  revised the attorney's fees provision of section 55 to make an
19  award of attorneys fees discretionary at the time it amended
20  section 54.1.  Yet the same mandatory language remains in the
21  statute, and the language of the statute is the best evidence the
22  court has of the legislature's intent.

23         The cases on which plaintiff relies to argue that
24  section 55 is governed by the same standard for attorney's fees
25  as the ADA are inapposite.  Plaintiff cites a number of cases
26  concerning attorney's fees in actions brought under the
27  California Fair Employment and Housing Act, Cal Gov. Code §
28  12965(b) ("FEHA").  See Linsley v. Twentieth Century Fox Film

4

1 Corp., 75 Cal. App. 4th 762 (1999); Bond v. Pulsar Video Prods.,
2 50 Cal. App. 4th 918, 925 (1996); Stephens v. Coldwell Banker
3 Commercial Group, Inc., 199 Cal. App. 3d 1394 (1988). In the
4 FEHA context, the California courts have adopted the federal
5 standard for awarding attorney's fees to prevailing defendants
6 only when the plaintiff's action is frivolous, unreasonable, or
7 without foundation. See id. These courts adopted the federal
8 rule because of the "symmetry between California and federal
9 anti-discrimination statutes." Bond, 50 Cal. App. 4th at 925.

10         The attorney's fees provision under the FEHA contains
11 the same discretionary language as its federal analog. Compare
12 Cal. Gov. Code § 12965(b)("In actions brought under this section,
13 the court, in its discretion, may award to the prevailing party
14 reasonable attorneys' fees and costs. . . .") with 42 U.S.C. §
15 2000e-5(a)("In any action or proceeding under this title, the
16 court, in its discretion, may allow the prevailing party . . . to
17 pay a reasonable attorney's fee as part of the costs. . . .").
18 In contrast, while there is certainly "symmetry" - indeed
19 identity - between many of the other provisions of the ADA and
20 the CDPA, the attorney's fees provisions of the two statutes are
21 notably different. The rationale for adopting the federal
22 standard for attorney's fees therefore does not extend to the
23 disability rights context.

24         Plaintiff also cites Donald v. Café Royale, 218 Cal.
25 App. 3d 168 (1990) for the proposition that a decision on the
26 matter of attorney's fees under section 55 is within the trial
27 court's discretion. In Donald, the court addressed the question
28 of when a defendant is a "prevailing party" under the CDPA. The

1 court noted that the California Code of Civil Procedure includes
2 examples of "prevailing parties," but that those examples are
3 qualified by statement that a person is a prevailing party
4 "unless the context clearly requires otherwise." Id. Based on
5 this qualification, the court concluded that the determination of
6 whether a party is a prevailing party is discretionary. Id.;
7 see also Harvard Investment Co. v. Gap Stores, Inc., 156 Cal.
8 App. 3d 704, 715 n.8 (noting that trial courts have wide
9 discretion to determine which party prevailed). Once the court
10 determines in the exercise of its discretion who the prevailing
11 party is, however, the language of section 55 is clear that the
12 prevailing party "shall" be entitled to recover attorney's fees.

13                    2.   Prevailing Party

14          Plaintiff next argues that he, not defendant, is the
15 prevailing party.[1]  Under California law, a disabled plaintiff is
16 considered a prevailing party "where the lawsuit was the catalyst
17 motivating the defendants to modify their behavior or the
18 plaintiff achieved the primary relief sought," even if a judgment
19 is entered in favor of a defendant on the plaintiff's claims.
20 Donald, 218 Cal. App. 3d at 185.[2]  Plaintiff contends that his

21

22          [1]    To the extent that this argument is based on the theory
23 that a defendant is a "prevailing party" only when the
   plaintiff's lawsuit is frivolous, unreasonable, or without
24 foundation, it must fail.  As discussed above, the "context" of
   the state disability statutes do not "clearly require" the court
25 to come to that conclusion.  To the contrary, they compel the
   opposite conclusion

26          [2]    Under federal law, "the touchstone of the prevailing
27 party inquiry must be the material alteration of the legal
   relationship between the parties." Texas State Teachers Ass'n v.
28 Garland Indep. Sch. Dist., 489 U.S. 782, 792-93 (1989).  The
   court is aware of no California case applying this test to the

                                   6

1  lawsuit caused defendant to make changes in the parking lot
2  outside the store, and that therefore he achieved all of the
3  injunctive relief he sought.  In support of this argument,
4  plaintiff relies on supposed "admissions" in defendant's trial
5  brief, in which defendant states that "no later than March 2000,"
6  the alleged deficiencies at the parking lot were brought into
7  full compliance with the ADA and California law.  (Def's Trial
8  Brief, at 6.)

9        In this case, plaintiff's lawsuit cannot have been the
10 "catalyst" for defendant's remedial efforts.  First, plaintiff
11 filed his lawsuit on September 11, 2000, <u>after</u> all of the changes
12 been made.  Second, there was no showing that it was defendant,
13 or anyone acting on behalf of or in concert with defendant, who
14 was responsible for making changes.  Plaintiff cannot get around
15 the fact that he achieved none of the relief he sought against
16 defendant in bringing this lawsuit.  Accordingly, defendant is
17 the prevailing party in this action.  <u>See</u> Cal. Code Civ. Proc.
18 1032(a)(4)(a prevailing party includes "a defendant as against
19 those plaintiffs who do not recover any relief against that
20 defendant").

21          3.   <u>Reasonableness of Fees</u>

22       Defendant requests fees and costs in the amount of
23 $61,535.79.  The California Supreme Court, like the federal
24 courts, has adopted the "lodestar" method for calculating
25 attorney's fees.  <u>Serrano v. Priest</u>, 20 Cal. 3d 25, 48-49 (1977);

26
27 prevailing party determination under the CDPA. This further
   supports the conclusion that California law does <u>not</u> rely on
28 federal law for purposes of determining when to award attorney's
   fees under the CDPA.

7

1 <u>Flannery v. California Highway Patrol</u>, 61 Cal. App. 4th 629, 640
2 (1998).  To determine the appropriate fee amount, the court
3 multiplies a reasonable hourly rate by the number of hours
4 reasonably expended in the litigation.  <u>See</u> <u>Serrano</u>, 20 Cal. 3d
5 at 48-49.

6          Defendant submitted declarations from attorneys who
7 worked on the case regarding their hourly rates, as well as time
8 sheets and billing records for the case.  <u>See</u> <u>Hensley v.</u>
9 <u>Eckerhart</u>, 461 U.S. 424, 437 (1983)(documentation submitted in
10 support of a request for attorney's fees should apprise the court
11 of the nature of the activity and the matter on which the hours
12 were expended); <u>Williams v. Alioto</u>, 625 F.2d 845, 849 (9th Cir.
13 1980)(affidavits are sufficient to support a fee award if they
14 enable the court to consider all necessary factors).

15          Plaintiff does not challenge the hourly rates or
16 contend that they are unreasonable.  Although plaintiff
17 vigorously asserts that defendant's $60,000 fee request is
18 unreasonable, plaintiff points to only one item billed to the
19 client that appears to be unreasonable: .3 hours of time billed
20 at a rate of $195 for work apparently done on a different case,
21 or $58.50 worth of fees.  After plaintiff raised this objection
22 in his opposition papers, defendant acknowledged its mistake and
23 subtracted the $58.50 amount from its original fee request to
24 arrive at the $61,535.79 figure it now asks for.

25          Plaintiff has not identified any other items that he
26 believes are unreasonable.  Instead, plaintiff contends that
27 defendant's mistake in including fees for another case "calls
28 into account all of defendant's listed billing in the instant

                                  8

1 matter." (Pl's Opp'n at 14.) Plaintiff's generalizations are
2 nothing but attorney argument, and are insufficient to cast doubt
3 on timesheets and billing records that appear on their face to be
4 reasonable.

5           Plaintiff also contends that it is unreasonable for
6 defendant to seek $60,000 in fees when, in a different case
7 involving the same parties, defendant objected to plaintiff's fee
8 request of approximately $35,000. The court fails to see what
9 relevance the parties' dispute over attorney's fees in a separate
10 case has to this matter. The legal questions in the two cases
11 could have been different; the discovery could have been
12 different; any number of factors could explain why defendant is
13 entitled more fees in this case than plaintiff sought in the
14 other case. Having reviewed the billing records submitted, the
15 court finds nothing unreasonable about the hours spent on this
16 litigation. The court also finds nothing unreasonable about the
17 out of pocket expenses defendant incurred in this litigation, and
18 plaintiff again fails to identify any particular item as
19 unreasonable. See Davis v. City and County of San Francisco, 976
20 F.2d 1536, 1556 (9th Cir. 1992)(the court may award attorney's
21 fees for out of pocket expenses typically charged to paying
22 clients, such as travel, courier and copying costs, etc.)
23 Accordingly, the court finds that $61,535.79 is a reasonable
24 attorney's fee.

25      C. Conclusion

26           Plaintiff elected to bring state law claims in addition
27 to his federal claim under the ADA. The risk of paying
28 attorney's fees to defendant was one that plaintiff accepted when

                                    9

1  he chose to seek relief based on state law.  Had plaintiff
2  elected to rely exclusively on federal law, he would have had to
3  forgo a claim for damages (because the ADA provides only for
4  injunctive relief), but would not have exposed himself to
5  liability for attorney's fees under state law.  Plaintiff decided
6  to clump his federal and state claims together, and therefore ran
7  the risk of an award of attorney's fees under state law.  Cf.
8  Passantino v. Johnson & Johnson, 212 F.3d 493, 518 (9th Cir.
9  2000)(where issues are "inextricably intertwined" and the
10 prevailing party achieves excellent results, reduction in
11 attorney's fees is not warranted just because plaintiff succeeds
12 on some but not all claims).

13      IT IS THEREFORE ORDERED that defendant's motion for
14 attorney's fees be, and the same hereby is, GRANTED in the amount
15 of $61,535.79.

16 DATED: June 26, 2002

17                        WILLIAM B. SHUBB
18                        UNITED STATES DISTRICT JUDGE

19
20
21
22
23
24
25
26
27
28

10

United States District Court
for the
Eastern District of California
June 27, 2002

\* \* CERTIFICATE OF SERVICE \* \*

2:00-cv-01960

Goodell

v.

Ralphs

---

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  June 27, 2002, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.

Mark Dee Potter                          SH/WBS
Center for Disabilty Access
PO Box 34606
1022 Pensylvania Avenue
San Diego, CA  92163-4606

Stacey McKee Knight
Katten Muchin Zavis Rosenman
2029 Century Park East
Suite 2600
Los Angeles, CA  90067-3012

Jack L. Wagner, Clerk

BY: _____
    Deputy Clerk